IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| FAUSTO ALEJANDRO AGUERO ALVARADO | |
| THE PLAINTIFF, | |
| VS. | CIVIL ACTION NUMBER |
| THE UNITED STATES OF AMERICA, AND | _____ |
| THE FEDERAL BUREAU OF PRISONS. | |
| THE DEFENDANTS. | |

TORT CLAIM ACTION AGAINST THE DEFENDANTS

1.      **COMES NOW**, Fausto Alejandro Aguero Alvarado, hereinafter, the Plaintiff, a **PRO SE** litigant, who most humbly and respectfully moves this Honorable Court to exercise its Supervisory Powers and **HEAR** the foregoing in the above style.

2.      The Plaintiff asks the Court to construe his pleadings pursuant the doctrine of Haines v. Kerner, 404 U.S. %19, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The Plaintiff avers that the Court must construe his pleadings **BROADLY** and **INTERPRET** them to raise the strongest argument they suggest, that is, his pleadings must be construed as to do **JUSTICE**.

3.      PLEASE BE ADVISED, any **VITIUM SCRIPTORIS** in the cited authorities within, are neither voluntary nor deliberate.

- 1 -

## I.     BACKGROUND:

4.      The grounds supporting the Plaintiff's tort action against the Defendants are accurately set forth in the **TORT CLAIM** presented to the Bureau of Prisons **(EXHIBIT 1)**. Accordingly, for judicial economy the Plaintiff moves forward.

## II.     DISCUSSION:

5.      As a prerequisite to suit under the Federal Tort Claims Act ("FTCA"), a claim must first be presented to the federal agency and be denied by the agency, or be deemed to be denied. Specifically, "[u]nder the FTCA, any party asserting a claim for money damages arising out of the negligent or wrongful act of a government employee must first file a claim with the administrative agency at issue." Rodriguez v. Dep't of the Army. 2018 U.S. Dist. LEXIS 25700, 2018 WL 935429, *3 (D.N.J. Feb. 16, 2018) (citations omitted).

6.      Section 2675(a) of Title 28, United States Code, provides in pertinent part that:

> An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury ... **UNLESS** the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of the agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. ...

7.      The Plaintiff has the burden of demonstrating that the agency actually received the administrative claim.

- 2 -

Lightfoot v. United States, 564 F.3d 625 (3rd Cir. 2009). This burden rests with the Plaintiff because, in general, the United States enjoys sovereign immunity from suit unless it otherwise consents to be sued. White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3rd Cir. 2010). The United States' "consent to be sued must be 'unequivocally expressed,' and the terms of such consent define the court's subject matter jurisdiction." id. The FTCA constitutes "a limited waiver of the United States' sovereign immunity." id. The FTCA provides that the United States **SHALL** be liable, to the same extent as a private individual, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. §1346(b)(1); see also, 28 U.S.C. §2674.

8. Prior to commencing a FTCA action against the United States in federal court, however, a plaintiff must "first present[] the claim to the appropriate Federal agency" and receive a final denial "by the agency in writing and sent by certified or registered mail." 28 U.S.C. §2675(a). A claim is considered to be presented when the federal agency receives written notification of the asserted tortious incident and the asserted injuries, together with a claim for money damages in a sum certain. 28 C.F.R. §14.2(a). If the receiving federal agency fails to make a final disposition of the claim within six months from the time it is filed, the failure is "deemed a final denial of the claim"

- 3 -

- 4 -

for purposes of commencing suit under the FTCA. 28 U.S.C. §2675(a).

9.     **HERE**, the Plaintiff properly filed a Tort Claim against USP Lewisburg, PA, with the Regional Counsel, Federal Bureau of Prisons, for the Northeast Region **(TRT-NER-2021-00874)**, for this is the place where the Plaintiff first noticed that his property was missing. His claim was denied on November 16th, AD2020. **(EXHIBIT 2)**.

10.     The Plaintiff no longer possess a copy of this Tort Claim for the reasons stated in **EXHIBIT 1**, at 7-8.

11.     Later, the Plaintiff filed a Tort Claim against FCI Estill, SC, with the Regional Counsel, Federal Bureau of Prisons, for the Southeast Region **(TRT-SER-2022-06780)**, for the Northeast Region implied that the origin of the fault occurred at FCI Estill **(EXHIBIT 1)**.

12.     On September 19th, AD2022, the Plaintiff wrote a letter to the Regional Counsel, Federal Bureau of Prisons, for the Southeast Region, requesting the status of his Tort Claim. The letter was stamped as received on September 23rd, AD2022 by the Southeast regional counsel. It appears that the Plaintiff's letter was forwarded to D. Piland, Paralegal Specialist, U.S. Department of Justice, Federal Bureau of Prisons, South Carolina Consolidated Legal Center, who it appears to have received the letter on October 6th, AD2022 **(EXHIBIT 3)**.

13.     As the Plaintiff's letter **(¶12)** was being prepared/mailed, Paralegal Specialist, D. Piland, send the

Plaintiff a letter "acknowledging receipt" of his Tort Claim **(EXHIBIT 4)**. The Plaintiff responded making clarifications to D. Piland's recommendations. <u>id</u>.

14.    Then, on October 18th, AD2022, Supervisory Attorney, L. Crane, from the U.S. Department of Justice, Federal Bureau of Prisons, South Carolina Consolidated Legal Center, denied the Plaintiff's Tort Claim under the umbrella of untimeliness **(EXHIBIT 5)**.

15.    The Plaintiff filed objections to Supervisory Attorney, L. Crane's findings. First, it is paramount to note that Supervisory Attorney, L. Crane construed the Plaintiff's Tort Claim under 31 U.S.C. §3723(b), when the Plaintiff instructed that such action would be improper **(see EXHIBIT 6, at 2, ¶4)**. <u>See also</u>, **EXHIBIT 1, at 1.**

16.    The Plaintiff's FTCA action is timely. **WHEREFORE,** there was no bar for it to be denied **(revisit EXHIBIT 6).**

17.    Supervisory Attorney, L. Crane, responded back, that the action was denied, and that it constituted a final decision **(EXHIBIT 7)**.

18.    The foregoing follows.

19.    As the third Circuit explains, "[i]n light of the clear, mandatory language of the statute, and [the] strict construction of the limited waiver of sovereign immunity by the United States, ... the requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived." <u>Roma v. United States</u>, 344 F.3d 352, 362 (3rd Cir. 2003) (citing <u>Livera v. First</u>

Nat'l Bank of New Jersey, 879 F.2d 1186, 1194 (3rd Cir. 1989)).

20.     In order to sue the United States in District Court and avoid violating the FTCA's express statute of limitations, a tort claim must be "presented in writing to the appropriate Federal agency within two years after such claim accrues. ..." 28 U.S.C. §2401(b). Section 2401's "time bar is strictly construed." Livera, at 1195.

21.     The claim accrues "when a plaintiff knows of both the existence and the cause of his injury." Miller v. Phila. Geriatric Center, 463 F.3d 266, 272 (3rd Cir. 2006). Moreover, a Tort Claim is "presented" (thus tolling the running of the limitations period) when an executed claim for money damages in a sum certain are received by the government agency) 28 C.F.R. §14.2.

22.     HERE, since the Plaintiff has exhausted his administrative remedies, and extraordinary circumstances impeded him the orderly fashion to pursue his claim (revisit EXHIBIT 6), this suit is properly before this Honorable Court.

III.    SUSTAINED DAMAGES:

23.     The "Facts of the Case" as accurately set forth in EXHIBIT 1, at 2-3. Nevertheless, the following quotes directly from it:

24.     On Monday, April 13th, AD2020, FCI Estill, SC, was hit by an EF-4 tornado, resulting in the immediate evacuation of all inmates to USP Lewisburg, PA.

- 6 -

25.    Prior to being evacuated, FCI Estill's staff provided the Plaintiff with a big-green—military style—duffel-bag. FCI Estill's staff instructed the Plaintiff to empty his locker box and to put **ALL** his property in the issued duffel-bag, and to mark it with his name and federal inmate number;

26.    On Tuesday, April 14th, AD2020, the Plaintiff arrived to USP Lewisburg, PA; this was the last time he saw his issued duffel-bag with **ALL** his property which he packed himself.

27.    On June 26th, AD2020, the Plaintiff was called to R&D (receiving and Discharging) to pick up his property. Upon noticing that his property was incomplete, the Plaintiff verbally complained. The R&D officer responded that "what you see is what Estill sent you."

28.    The Plaintiff was not issued with a copy of his property inventory from from FCI Estill prior to shipping his property to USP Lewisburg, nor USP Lewisburg was able to confirm nor deny the existence of such inventory form, suggesting that FCI Estill failed to make an inventory of the Plaintiff's packed property.

29.    Most of the Plaintiff's personal property was missing. This includes but is not limited to--

      A. Footwear, clothes, food, hygiene and over the counter medication, all of which conform commissary purchased items;

      B. Priceless treasured memorabilia, which had a deep attachment to the Plaintiff's feelings, such as--

       i. The Plaintiff's children's drawings, letters, and school report cards;

      ii. The Plaintiff's step daddy's obituary and the last picture of then together; and

     iii. The manuscript of eight (8) books the Plaintiff wrote in the course of five (5) years and which were ready to be typed to be sent to "The WORD Among Us" Press (the only EXHIBIT supporting this claim can be found in Administrative Claim No. TRT-NER-[2021]-00874 (NORTHEAST REGION)) (brackets added).

C. The manuscript of the Plaintiff's book, narrating his life as a CIA undercover operative for 25 years.

D. No less than 500 printed pages from the electronic law library, paid for with the Plaintiff's own Trulinks (see Trulincs data base).

E. Most of the Plaintiff's discovery paperwork sent to him by his lawyers Anthony John Natale, Celeste Siblesz Higgins, and Bonnie B. Phillips-Williams (including but not limited to audio/video and e-mail discovery files). All **RELEVANT** for the Plaintiff's defense (see mail room records from FDC Miami and FCI Estill).

F. The Plaintiff's 28 U.S.C. §2255 motion, in which he worked tirelessly throughout sleepless nights during almost one year, and which was ready to be typed to be mailed to the Court; and

G. The Plaintiff's original Baptism, Confirmation and Marriage certificates. sealed and signed by his dear friend, confessor and sponsor for seminary, Fr. Carl. E. Bauer (R.I.P.).

30. The Bureau of Prison's Program Statement 5580.08 and 28 C.F.R. §553.10 prescribe that inmates are allowed to transfer with and retain "sealed, unopen non-perishable commissary items in [their] original containers," and "if the inmate's personal property is not authorized for retention by the receiving institution, staff at the receiving institution shall arrange for the inmate's excess personal property to be mailed to a non-Bureau destination

of the inmate's choice. The inmate shall bear the expense for this mailing." PS5580.08; 28 C.F.R. §553.10.

**IV.    SUBJECT MATTER JURISDICTION OVER THE DEFENDANTS:**

31.    **HERE**, U.S. Government employees, acting under federal color, failed to abide by the rules and regulations from their own binding Policy Statement which they are **MANDATED** to follow. Such failure brought forth the personal loss to the Plaintiff in the form of loss of property as well as the deprivation of his constitutional and statutorial rights.

32.    Furthermore, U.S. Government employees failure to abide by their own binding policy statement also constitutes the breach to the diplomatic note issued by the U.S. Gopvernment in which the U.S. Government **ASSURED** that the Plaintiff would not be subject to "the forfeiture of property without due process of law." **(EXHIBIT 8)**.

33.    Sincethe United States of America, through its employees acting under federal color breached the agreement in the diplomatic note **(revisit EXHIBIT 8)**, this Honorable Court do have subject matter jurisdiction over this claim for the immunity which the United States enjoys can be waived in this action.

34.    A breach of duty exists when it is foreseeable that one's conduct may likely injure the person to whom the duty is owed. Horne v. Beason, 285 S.C. 518, 331 S.E.2d 342, 344 (S.C. 1985). "The damages sustained must be shown to have been proximately caused, i.e., causally connected, to the

- 9 -

breach of duty in order to warrant a recovery." id.

**V.     REQUEST TO SUBPOENA TESTIMONY:**

35.     The Plaintiff requests this Honorable Court to subpoena FCI Bennettsville's R&D Officer Brown's testimony, for she was part of the staff at FCI Estill at the time the Plaintiff was evacuated. Her testimony will reveal that the Plaintiff packed all of his property himself, and that his property was transferred as packed to USP Lewisburg.

36.     When Officer Brown addressed the Plaintiff with regards to this matter after being informed the Plaintiff filed a Tort Claim with the Bureau of Prisons, Southeast Regional Counsel, she told the Plaintiff that FCI Estill loaded his property into an eighteen-wheeler as he packed it, that is, undisturbed. That his property arrived to USP Lewisburg, and that his loss occurred there. She stated that the Plaintiff was not the only one prejudiced.

**VI.     RELIEF SOUGHT:**

For all the irreparable harm the Plaintiff sustained by U.S. Government employees acting under federal color, the Plaintiff asks for--

A. $100.00 to cover the loss of the more than 500 printed pages from the Trulinks system;

B. For the Bureau of Prisons to either purchase the following Court files or deposit in the Plaintiff's Trust Fund Account the sum reflected next to each document so the Plaintiff may recover for their loss. The following documents are from the case of United States v. Fausto Aguero Alvarado, No. 1:11-CR-20026-KMM-5, to

wit--

i.   ECF No. 216 ($56.00);

ii.  ECF No. 196 ($784.00);

iii. ECF No. 197 ($766.50);

iv.  ECF No. 198 ($794.50);

v.   ECF Nos. 199-200 ($112.00);

vi.  ECF No. 201 ($714.00);

vii. ECF No. 202 ($794.50);

viii. ECF No. 203 ($525.00);

ix.  ECF Nos. 204—208 ($414.00); and

x.   ECF No. 158 ($343.00).

For a total of **$5191.50** at a rate of $3.50 per page (contact Judy Wolff, Court reporter @ (305)523-5294. The $3.50 dollar rate comes from being informed via phone of the fees transcribed page.

C. To contact the Plaintiff's former lawyers, Anthony John Natale, Celeste Siblesz Higgins, and Bonnie B. Phillips-Williams (all Federal Public Defenders Assistant Lawyers, Miami Division) in order to obtain from them or their office a copy of the Plaintiff's entire discovery material, which he had, which included but was not limited to audio/video files recorded in CDs as well as e-mails. In the alternative, to award the Plaintiff $15,000, which was the approximate cost, according to Mr. Natale, for his discovery material, plus $3000 to cover any expense that may have changed in cost plus mailing services.

D. To reimburse the Plaintiff the equivalent of every item in the commissary receipts presented in Administrative Claim No. TRT-NER-2021-00874 (NORTHEAST REGION) which is an approximate of $750.00.

- 11 -

E. a \$10,000 punitive damages award to compensate all the harm caused, and produce **DETERRENCE** to prevent future actions from ever occurring, not only to the Plaintiff, but to other inmates as well.

38.    As this Honorable Court may see, the remedy that the Plaintiff requests is basically the recovery of part, not all, of what he already had. The Plaintiff is sparing the United States from further damage such as the loss of the hard work he put on writing several manuscripts as mentioned above at ¶29, inter alia.

39.    The Plaintiff's requested remedy is **REASONABLE.** However, if the Defendants insist that they were not responsible, and this Court, through its due diligence finds out they are wrong, at this time, the Plaintiff incorporates an amended request to increase the punitive damages four fold.

## VII.    CONCLUSION:

40.    The Plaintiff avers that his Complaint shows a **PRIMA FACIE** showing that his statutorial and constitutional rights were violated. Furthermore, he has shown that the U.S. Government breached its agreement in not depriving the Plaintiff of his property without due process of law.

41.    For all the irreparable harm inflicted by U.S. Government employees acting under federal color to the Plaintiff **(revisit EXHIBIT 1),** the Plaintiff asks for the compensatory and punitive damages awards as stated supra, at §VI(A) — (E).

- 12 -

Respectfully submitted on this 3rd day of March, Year of the LORD 2023.

_____

Fausto Alejandro Aguero Alvarado , PRO SE

REG. NO. 98068-004

## VII.   **VERIFICATION:**

**42.**     I, Fausto Alejandro Aguero Alvarado, do hereby **VERIFY** that the information provided herein is true and correct, to the best of my knowledge and belief, under penalty of perjury. 28 U.S.C. §1746; 18 U.S.C. §1621.


Executed on this 3rd day of March, Year of the LORD 2023.

_____

Fausto Alejandro Aguero Alvarado , PRO SE

REG. NO. 98068-004

BENNETTSVILLE

FEDERAL CORRECTIONAL INSTITUTION

INMATE MAIL/PARCELS

POST OFFICE BOX 52020

BENNETTSVILLE, SC 29512