IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Fausto Alejandro Aguero Alvarado, ) | Case No. 0:23-cv-00909-JDA |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION AND ORDER** |
| v. ) | |
| ) | |
| The United States of America; The ) | |
| Federal Bureau of Prisons, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on a motion to dismiss filed by the United States of America and the Federal Bureau of Prisons (collectively, the "Government"). [Doc. 23.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

On October 6, 2023, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the motion to dismiss be granted. [Doc. 32.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff's objections were entered on the docket on February 13, 2024 [Doc. 50], and the Government filed a reply on February 26, 2024 [Doc. 53].

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).

The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2015) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## DISCUSSION

The Magistrate Judge recommends granting the motion to dismiss for lack of subject matter jurisdiction because Plaintiff's negligence claim is covered by detention of goods exception to the Government's waiver of its sovereign immunity from suit under the Federal Tort Claims Act's ("FTCA").  [Doc. 32.]  In his objections, Plaintiff generally argues that the Government had a duty to prevent Plaintiff from being subject to "'confiscation without due process of law [. . .] nor the forfeiture of property without due process of law,'" citing "Diplomatic Note No. 0672,"[1] 28 C.F.R § 553.10, and 28 U.S.C. §§ 1346(b), 2671 et. seq.  [Doc. 50 at 1–2.]  Plaintiff argues that "because the United States breached its agreement, [it] is liable and cannot enjoy sovereign immunity.  Thus, this Court has subject matter jurisdiction."  [*Id.* at 2.]

The Court concludes that Plaintiff's objections, liberally construed, fail to address the Report's recommendations.  The Report recommends dismissing the action on the

---

[1] Plaintiff attaches to his objections a diplomatic note approving his extradition from Colombia.  [Doc. 50 at 5.]  The diplomatic note contains language stating that Plaintiff will not be subject to "'confiscation without due process of law or the forfeiture of property without due process of law.'"  [*Id.* at 4–5.]

basis of subject matter jurisdiction because of the FTCA's exception for "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer[.]"  [Doc. 32 at 4]; *see* 28 U.S.C. § 2680.  As the Magistrate Judge explained, this exception includes claims of negligent handling of prisoner's property by BOP officers.  [Doc. 32 at 4 (alterations in original) (internal quotation marks omitted)]; *see Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 216 (2008).  Though Plaintiff's claim is brought under the FTCA, Plaintiff's objections fail to address the FTCA's exception for detention of goods.  Rather the objections focus on whether the Government may be liable for confiscation of property without due process of law.  [Doc. 50.]  The Court finds these objections unavailing, as they fail to address subject matter jurisdiction.  Nevertheless, out of an abundance of caution for a pro se party, the Court has conducted a de novo review of the Report, the record, and the applicable law.  Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference.  Accordingly, the motion to dismiss [Doc. 23] is GRANTED and the action is DISMISSED with prejudice.

    IT IS SO ORDERED.

                                    s/ Jacquelyn D. Austin
                                    United States District Judge

March 22, 2024
Columbia, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

    The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.